UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| COLTEN SHAW | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| WENDELL McCLAIN, | ) |
| CORRECTIONAL OFFICER, | ) |
| STEPHENSON COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| | ) |
| DAVID SNYDERS , | ) |
| | ) |
| STEPHENSON COUNTY SHERIFF, | ) |
| | ) |
| ORANGEVILLE COMMUNITY UNIT | ) |
| SCHOOL DISTRICT #203, | ) |
| | ) |
| RANDALL OTTO, | ) |
| SUPERINTENDANT, ORANGEVILLE | ) |
| JUNIOR/SENIOR HIGH SCHOOL | ) |
| | ) |
| TOBY GOLEMBIEWSKI, | ) |
| GYM TEACHER, ORANGEVILLE | ) |
| JUNIOR/SENIOR HIGH SCHOOL | ) |

## COMPLAINT

Now Comes Plaintiff, COLTEN SHAW, by and through his counsel STEPHEN L. RICHARDS and complains of Defendants WENDELL McCLAIN, CORRECTIONAL OFFICER, STEPHENSON COUNTY SHERIFF'S DEPARTMENT, DAVID SNYDERS , STEPHENSON COUNTY SHERIFF, RANDALL OTTO, PRINCIPAL, ORANGEVILLE JUNIOR/SENIOR HIGH SCHOOL, (ORANGEVILLE COMMUNITY UNIT, SCHOOL DISTRICT #203, TOBY GOLEMBIEWSKI, GYM TEACHER, ORANGEVILLE

JUNIOR/SENIOR HIGH SCHOOL. In support, Plaintiff states as follows:

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.
2. This Court has jurisdiction of the action pursuant to 28 U.S.C. Secs. 1331, 1343, and 1367.
3. Venue is proper under 28 U.S.C. Sec. 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.
4. The incident described in this complaint occurred on May 6. 2011 at approximately 10 a.m. at Orangeville Junior/Senior High School, 201 S. Orange Street, Orangeville, IL 61060 in Stephenson a resident of Stephenson County, Illinois.
5. Orangeville Community Unit, School District #203 is a unit of government located in Stephenson County Illinois.
6. Upon information and belief, Wendell McClain is a resident of Stephenson County, Illinois.
7. Upon information and belief, David Snyders is a resident of Stephenson County, Illinois.
8. Upon information and belief, Randall Otto is a resident of Stephenson County, Illinois.
9. Upon information and belief, Toby Golembiewski is a resident of Stephenson County, Illinois.

### Common Allegations

10. Sometime on or before May 6, 2011, defendants Randall Otto, David Snyders, the Orangeville Community Unit, School District #203, Toby Golembiewski, and Wendell McClain planned a "school safety drill" to take place at 10 a.m. on May 6, 2011 at Orangeville Junior/Senior High School.

11. Under the plan, Wendell McClain was to play the part of an "armed intruder" who would enter the school at around 10 a.m. on May 6, 2011.

12. Wendell McClain was selected for the role of the "armed intruder" in part because he was African-American.

13. Under the plan, the teachers at the school were to be informed in advance that the drill would take place on that date and at that time.

14. Under the plan, parents of students attending the school were not to be informed of the drill until approximately 9 a.m. on May 6, 2011.

15. Under the plan, no student was to be informed of the drill in advance.

16. Under the plan, Wendell McClain, playing the part of the "intruder" was to carry a realistic looking "cap pistol."

17. Under the plan, Wendell McClain was to fire the cap pistol in the air shortly after entering the school, so as to create the impression that he had fired an actual weapon.

18. Under the plan, Wendell McClain was to pretend to be "looking for" a specific student.

19. Defendants Randall Otto and Toby Golembiewski selected Colten Shaw to be the specific student whom Wendell McClain, after firing the cap pistol, was to pretend to be "looking for."

20. Under the plan, Wendell McClain was to approach Colten Shaw, point the pistol at him, threaten to shoot him, and then chase him out of the school.

21. Under the plan, Toby Golembiewski was to flee the school with Colten Shaw and then attempt to persuade him to return in order to confront the armed intruder.

22. Under the plan, Colten Shaw was to be told, before he returned to the school, that a secretary had been killed by the armed intruder.

23. Under the plan, Colten Shaw was not to be told that the incident was a drill until after other students had been been informed that the incident was a drill and that they could return to the school.

24. Under the plan, Colten Shaw was to be confronted with the intruder, apparently in police custody, when Colten returned to the school, and Wendell McClain, playing the intruder, was to again threaten him.

25. Under the plan, Colten Shaw was not to be told that the incident was a drill until after he had been interrogated by Stephenson County Sheriff's Deputies as to what he "knew" about the armed intruder's motives for attacking him.

26. On Thursday, May 5, 2011 all teachers at the school were briefed as to what was going to happen during the drill. They were told that the drill would involve "armed intruders," and that they were to do either one of two things: either leave the building with their students, or lock the doors of their classrooms, turn off the lights, and stay out of sight of the doors.

27. At approximately 9:00 a.m., parents of students at the school were called and told about the drill. They were told not to contact their children or inform them of the drill.

28. At approximately 10:00 a.m. Wendell McClain entered the school, went to the office, and fired two shots from his cap pistol.

29. Colten Shaw, who was in gym class at the time, heard the shots.

30. Immediately after firing the shots, McClain entered the gym through the lobby doors.

31. McClain was dressed in sweatpants and a T-shirt.

32. After entering the gym, McClain pulled the pistol out of his waistband, brandished it at Colten Shaw, and announced: "I'm looking for Colten."

33. Colten Shaw, who had heard the two shots, thought that he was going to be shot and killed.

34. Colten Shaw, together with the other students in the gym, fled the school.

35. The students who fled the gym were in two groups.

36. Both of the groups ran and hid in bushes behind Randall Otto's house.

37. One of the groups was led by the gym teacher Toby Golembiewski.

38. Colten Shaw was in the other group.

39. Toby Golembiewski went to Colten Shaw's group.

40. He told Colten Shaw that he should return to the school to speak with the armed intruder.

41. Colten Shaw refused.

42. Toby Golembiewski gave Colten Shaw Toby Golembiewski's cellphone.

43. Colten Shaw then fled to a friend's house.

44. At or around the same time, the other students who had fled, but not Colten Shaw, were told that the incident was a drill.

45. While at his friend's house, Colten Shaw received a telephone call on the cellphone from Toby Golembiewski.

46. Golembiewski told Colten Shaw that the school secretary had been shot and killed, and that the intruder was now in custody.

47. Colten Shaw was then picked up from his friend's house by a truck and driven back to

school.

48. On his way back he saw Wendell McClain, still playing the part of "armed intruder," now in the apparent custody of two Stephenson County Sheriff's deputies.

49. As he approached Wendell McClain threatened Colton and gave him "dirty" looks.

50. Colten Shaw was taken into the school office by the Sheriff's Deputies, who proceeded to interrogate him.

51. At that time, Colten Shaw did not feel free to leave.

52. Colten Shaw was questioned as to whether he was an accomplice in selling drugs.

53. He was also asked: Why was that black guy there?

54. At the time he was being interrogated, Colten Shaw did not feel free to leave.

55. After a few minutes, Colten Shaw was told that the whole incident had been a drill.

## COUNT I

### VIOLATION OF FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION IN VIOLATION OF SECTION 42 U.S.C. § 1983
### (RANDALL OTTO)

56. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

57. By singling out Colten Shaw as the sole "target" of the armed intruder, Defendant Randall Otto violated Colten Shaw's rights to the equal protection of the laws under the equal protection clause of the fourteenth amendment to the United States Constitution and in violation of section 42 U.S.C. Sec. 1983.

58. Defendant Randall Otto intentionally treated Colten Shaw differently from all of the other students present in the school during the drill and there was no rational basis for the difference in treatment.

59. Randall Otto's action in singling Colten Shaw out for different treatment was based upon Randall Otto's personal dislike or hatred of Colten Shaw.

As a direct and proximate result of Randall Otto's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment in his favor and against Randall Otto. WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT II

### VIOLATION OF FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION IN VIOLATION OF SECTION 42 U.S.C. § 1983
### (TOBY GOLEMBIEWSKI)

60. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

61. By singling out Colten Shaw as the sole "target" of the armed intruder, Defendant Toby Golembiewski violated Colten Shaw's rights to the equal protection of the laws under the equal protection clause of the fourteenth amendment to the United States Constitution and in violation of section 42 U.S.C. Sec. 1983.

62. Defendant Toby Golembiewski intentionally treated Colten Shaw differently from all of the other students present in the school during the drill and there was no rational basis for the difference in treatment.

63. Tony Golembiewski's action in singling Colten Shaw out for different treatment was based upon Toby Golembiewski's personal dislike or hatred of Colten Shaw.

   As a direct and proximate result of Toby Golembiewski's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

   WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**Pendant State Claims**

**COUNT III: ASSAULT (WENDELL McCLAIN)**

64. Plaintiff re-alleges and incorporates the above allegations made in this Complaint.

65. By firing the cap gun, approaching Colten Shaw with gun drawn, and by telling Colten Shaw that he was coming to "get him," Wendell McClain intended to cause a harmful or offensive contact with Colten Shaw or an imminent apprehension of such a contact, and Colten Shaw was thereby put in such imminent apprehension.

66. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

   WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just

and equitable.

### COUNT IV: ASSAULT (SHERIFF DAVID SNYDERS)(Respondeat Superior)

67. Plaintiff re-alleges and incorporates the above allegations made in this Complaint.

68. At the time Wendell McClain assaulted Colten Shaw he was employed by David Snyders, Sheriff of Stephenson County, and the Stephenson County Sheriff's Department.

69. At the time Wendell McClain assaulted Colten Shaw he was acting within the scope of his employment.

70. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT V: INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS (WENDELL McCLAIN)

71. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

72. The actions of Wendell McClain in brandishing a gun, chasing Colten Shaw, and threatening to kill him were extreme and outrageous.

73. Wendell McClain intended to cause Colten Shaw severe emotional distress and knew of a strong probability that his actions would cause Colten Shaw severe emotional distress.

74. Wendell McClain's conduct caused Colten Shaw severe emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment in his favor and against Wendell McClain.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT VI: INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS (SHERIFF DAVID SNYDERS) – Respondeat Superior

75. Plaintiff re-alleges and incorporates the above allegations made in this Complaint.

76. At the time Wendell McClain committed the tort of intentional infliction of extreme emotional distress upon Colten Shaw he was employed by David Snyders, Sheriff of Stephenson County, and the Stephenson County Sheriff's Department.

77. At the time Wendell McClain committed the tort of intentional infliction of extreme emotional distress upon Colten Shaw, he was acting within the scope of his employment.

78. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT VII: INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS (TOBY GOLEMBIEWSKI)

79. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

80. The actions of Toby Golembiewski in urging Colten Shaw to return to the school to confront the "armed intruder," telling him that a secretary had been killed, and then arranging for his return to the school to be interrogated were extreme and outrageous.

81. Toby Golembiewski intended to cause Colten Shaw severe emotional distress and knew of a strong probability that his actions would cause Colten Shaw severe emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT VIII:

**INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS (ORANGEVILLE COMMUNITY UNIT, SCHOOL DISTRICT #203,) (Respondeat Superior)**

82. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

   At the time Toby Golembiewski committed the tort of intentional infliction of extreme emotional distress upon Colten Shaw he was employed by Orangeville Community Unit, School District #203.

83. At the time Toby Golembiewski committed the tort of intentional infliction of extreme emotional distress upon Colten Shaw, he was acting within the scope of his employment.

84. As a direct and proximate result of Toby Golembiewski's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional

distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT IX: CIVIL CONSPIRACY (WENDELL McCLAIN)

85. Plaintiff re-alleges and incorporates the above allegations made in this complaint.
86. By planning with David Snyders, Randall Otto, and Toby Golembiewski to place Colten Shaw in imminent apprehension of harmful contact, Wendell McClain combined with one or more persons.
87. This combination was for the purpose of accomplishing by some concerted action a lawful purpose, the conduct of a school safety drill, by unlawful means, an assault on Colten Shaw.
88. In furtherance of this purpose, Wendell McClain committed the overt tortious and unlawful acts of assaulting Colten Shaw and committing intentional infliction of extreme emotional distress upon him.
89. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment in his favor and against Wendell McClain.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT X: CIVIL CONSPIRACY (DAVID SNYDERS)

90. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

91. By planning with Wendell McClain, Randall Otto, and Toby Golembiewski to place Colten Shaw in imminent apprehension of harmful contact, David Snyders combined with one or more persons.

92. This combination was for the purpose of accomplishing by some concerted action a lawful purpose, the conduct of a school safety drill, by unlawful means, an assault on Colten Shaw.

93. In furtherance of this purpose, Wendell McClain committed the overt tortious and unlawful acts of assaulting Colten Shaw and causing imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

94. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment in his favor and against David Snyders.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff

seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT XI: CIVIL CONSPIRACY (RANDALL OTTO)

95. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

96. By planning with Wendell McClain, David Snyders, and Toby Golembiewski to place Colten Shaw in imminent apprehension of harmful contact, Randall Otto combined with one or more persons.

97. This combination was for the purpose of accomplishing by some concerted action a lawful purpose, the conduct of a school safety drill, by unlawful means, an assault on Colten Shaw.

98. In furtherance of this unlawful purpose, Wendell McClain committed the overt tortious and unlawful acts of assaulting Colten Shaw and committing intentional infliction of extreme emotional distress upon Colten Shaw.

99. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and ust amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT XII: CIVIL CONSPIRACY (TONY GOLEMBIEWSKI)

100. Plaintiff re-alleges and incorporates the above allegations made in this complaint.

101. By planning with Wendell McClain, Randall Otto, and David Snyder to place

Colten Shaw in imminent apprehension of harmful contact, Toby Golembiewski combined with one or more persons.

102. This combination was for the purpose of accomplishing by some concerted action a lawful purpose, the conduct of a school safety drill, by unlawful means, an assault on Colten Shaw.

103. In furtherance of this unlawful purpose, Wendell McClain committed the overt tortious and unlawful acts of assaulting Colten Shaw and committing intentional infliction of extreme emotional distress upon Colten Shaw.

104. As a direct and proximate result of Wendell McClain's actions, Colten Shaw suffered imminent apprehension of harmful contact and extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff Colten Shaw prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

      COLTEN SHAW
         Plaintiff,  /s/ Stephen L. Richards
             By: Stephen L. Richards

             651 W. Washington Suite 205
             Chicago, IL 60661
             773-817-6927
             Sricha5461@aol.com
             Attorney No: 6191946